**WO**  RP

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Aaron Cypert, | No. CV 10-8068-PHX-GMS (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Respondents. | |

On April 29, 2010, Petitioner Michael Aaron Cypert, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1), a deficient Application to Proceed *In Forma Pauperis* (Doc. #3), and a "Request For Legal Counsel" (Doc. #4). By Order filed May 10, 2010 (Doc. #7), the Court denied Petitioner's Application to Proceed *In Forma Pauperis* without prejudice and gave Petitioner 30 days from the filing date of the Order to either pay the $5.00 filing fee or file a completed Application to Proceed *In Forma Pauperis*. On May 17, 2010, Petitioner filed a new, completed Application to Proceed *In Forma Pauperis* (Doc. #9).

The Court will grant the new Application to Proceed *In Forma Pauperis*, will deny the "Request For Legal Counsel" as moot, and will dismiss the Petition and this action without prejudice.

**I.    Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #9) indicates that his

1  inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II. Petition**

Named as Respondent in the Petition is Charles Ryan. Terry Goddard, Attorney General of the State of Arizona, is named as an Additional Respondent.

In his Petition, Petitioner challenges his judgment of conviction entered in the Mohave County Superior Court in matter #CR-2009-676 on June 21, 2009, for Forgery of an Identification Card. Petitioner alleges he was sentenced to a 1.5-year term of imprisonment.

Petitioner presents two grounds in the Petition in support of his request for habeas relief:

(1) "I am innocent of the said crime of Forgery of a[n] Arizona Identification Card"; and

(2) "I was mentally incompetent at the time to enter the plea."

Petitioner alleges that he has not presented the issues in either ground to the Arizona Court of Appeals or the Arizona Supreme Court.

**III. Exhaustion of State Remedies**

A prisoner attacking his state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509, 102 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose, 455 U.S. at 521-22. "[E]xcept in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). However, a prisoner has not exhausted his state court remedies where an appeal or a petition for post-conviction relief is still pending. Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) (petition for post-conviction relief); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (appeal).

The Ninth Circuit Court of Appeals (Ninth Circuit) has held that:

> [w]hen, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.

Sherwood, 716 F.2d at 634; see also Daniels v. Nelson, 415 F.2d 323 (9th Cir. 1969) (federal habeas premature where state appeal is pending). The failure to exhaust subjects the Petitioner to dismissal. Gutierrez v. Griggs, 695 F.2d 1195 (9th Cir. 1983).

Petitioner alleges in the Petition that he has a petition pending in the Mohave County Superior Court. Although it is somewhat unclear, it appears that in addition to a pending Rule 32 post-conviction petition, Petitioner also has two special actions pending.

Because Petitioner has these matters pending in the Mohave County Superior Court, there is still the possibility that Petitioner's conviction or sentence may be reversed. Therefore, Petitioner has not exhausted his state court remedies, and this Petition is premature. Accordingly, the Petition and this action will be dismissed without prejudice to Petitioner filing a new petition and action after he has exhausted his state court remedies.

**IV.  Request for Legal Counsel**

On April 29, 2010, Petitioner filed a "Request For Legal Counsel" (Doc. #6), in which Petitioner requests that the Court appoint legal counsel for him in this case. In light of the dismissal of the Petition and this action as premature, the Court will deny Plaintiff's Request as moot.

**IT IS ORDERED**:

(1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #9) is **granted**.

(2) Petitioner's "Request For Legal Counsel" (Doc. #6) is **denied as moot**.

(3) The Petition (Doc. #1) and this action are **dismissed without prejudice** for failure to exhaust state court remedies and as premature.

(4) The Clerk of Court **must enter judgment** accordingly.

//
//
//

(5) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court **declines to issue** a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

DATED this 18th day of June, 2010.

_____
G. Murray Snow
United States District Judge